# Escher *v.* Southwark Mills Company, Appellant.

*Negligence—Master and servant—Written statement—Ignorance of the English language—Evidence.*

In an action by an employee against his employer to recover damages for personal injuries, where the defendant offers in evidence a statement signed by the plaintiff shortly after the accident and alleges that plaintiff's evidence on the stand is inconsistent with the statement, and it appears that plaintiff made the statement in the German language, that it was translated into English by another person, and written out in defendant's office, and also that the statement was inaccurate in some minor matters, it is for the jury to determine whether the writing produced embodied accurately the statement made by the plaintiff.

*Negligence—Master and servant—Risk of employment—Caustic soda.*

In an accident case by an employee against his employer for injuries to plaintiff's eye caused by caustic soda, the question of defendant's negligence is for the jury where it appears that at the time of the accident the plaintiff was helping to roll up an iron barrel of caustic soda on an incline, that in one of the heads of the barrel there was a hole only six inches less than the diameter of the head itself, that in this hole was stuffed a piece of burlap without being fastened, that the pressure of the contents of the barrel easily forced the burlap out of place, and that the caustic soda flowing out fell on the plaintiff and injured him.

In such a case where the defendant offers evidence to the effect that the accident was due to the negligence of other workmen in adjusting the rope around the barrel, and that the plaintiff knew of the danger and assumed the risk, and these allegations are contradicted by the plaintiff, a verdict and judgment for plaintiff will not be reversed.

Argued March 23, 1908.   Appeal, No. 395, Jan. T., 1907, by defendant, from judgment of C. P. No. 2, Phila. Co., June Term, 1905, No. 4,448, on verdict for plaintiff in case of Henry Escher v. Southwark Mills Company.   Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before WILTBANK, J.

The circumstances of the accident are set forth in the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $2,500.   Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant and in refusing to enter judgment for defendant non obstante veredicto.

*George L. Crawford,* of *Crawford & Loughlin,* for appellant, cited : Diehl v. Lehigh Iron Co., 140 Pa. 487 ; Boyd v. Harris, 176 Pa. 484 ; Purdy v. Westinghouse Electric & Mfg. Co., 197 Pa. 257 ; Jones v. Burnham, 217 Pa. 286 ; Lee v. Dobson, 217 Pa. 349 ; White v. Roydhouse, 211 Pa. 13 ; Hartenstine v. United Tel. & Tel. Co., 219 Pa. 95.

*Eugene Raymond,* for appellee, cited : McGeehan v. Hughes, 217 Pa. 121 ; Wagner v. Chemical Co., 147 Pa. 475 ; Levy v. Rosenblatt, 21 Pa. Superior Ct. 543 ; Sowers v. McManus, 214 Pa. 244 ; Lavia v. Kountz Bros. Co., 31 Pa. Superior Ct. 481.

OPINION BY MR. JUSTICE MESTREZAT, May 4, 1908 :

This case was submitted to the jury in a clear and adequate charge to which no exception was taken and no error is assigned.   The learned judge was entirely accurate in his statement of the law applicable to the case, and pointed out in de-

tail the evidence submitted on either side bearing on the questions of fact. The only complaint here, requiring consideration, is that the court erred in not directing a verdict for the defendant company.

The defendant contends that the plaintiff knew and, therefore, assumed the risk of the employment, and that his injuries resulted from the negligence of a coemployee in handling the loose rope which was used in removing the iron barrel of caustic soda from the floor to the top of the tank in which the soda was to be emptied from the barrel. It is further claimed by the defendant company that the method used by it in handling the caustic soda was not the proximate cause of the accident by which the plaintiff was injured, and hence it is not responsible in this action.

The evidence clearly discloses that the plaintiff was an ignorant German, not familiar with the English language, and had been employed by the defendant for some time prior to the accident to work on or operate a machine. He was called from this service into a dark frame shed to assist three other men in removing this iron barrel containing caustic soda from the floor to the top of the tank into which the soda was to be emptied. It appears, and is undisputed, that this iron barrel was about three feet long and one and a half feet in diameter, and that a hole had been cut in one of the heads, the diameter of which was about six inches less than the diameter of the head itself. When the plaintiff appeared on the scene to assist the other three workmen in hoisting the barrel, there was a piece of burlap in the hole in the head of the barrel, placed there of course to prevent the soda from leaving the barrel. While the barrel was being rolled up the incline and when it was within about one foot of the top, the burlap came out of the hole, and the soda ran out and part of it got in the plaintiff's eye and injured it very severely.

The evidence in the case does not support the defendant's position that the plaintiff knew of the risk incident to the work of removing the barrel of caustic soda from the floor to the top of the tank. The plaintiff testified positively that he did not know of the danger. He admits they put oil on his hands and told him not to touch the barrel with the blank hand, but he testified that he did not know that caustic soda was in

the barrel until after it got on his face. To meet this testimony, the defendant company offered in evidence the paper, dated June 27, 1904, which the plaintiff signed and which purported to state how the accident happened. It was strenuously urged by the counsel for the defendant company, and the court was asked to so instruct the jury that if they believed the paper correctly stated the manner of the accident, that the verdict should be for the defendant. It was claimed that the statements in this paper as to the manner and cause of the accident contradicted the testimony of the plaintiff on that subject and clearly showed that the accident to the plaintiff was not attributable to the negligence of the defendant company. The court, however, did not agree with the defendant's counsel as to the effect or construction of the paper. The learned trial judge in his charge to the jury discussed the paper at length and submitted it as evidence for the consideration of the jury. He said in his charge : " The story of that paper is not inconsistent radically with the story of the plaintiff on the stand. Any skirmishing over that paper was wholly unnecessary." He did not hold with the defendant's counsel that the language of the paper conclusively established that the plaintiff's injuries were caused by the negligence of a fellow workman. He went still further, and told the jury that it was a question for them whether the language of the paper was the language that the plaintiff used to the scrivener who wrote it. At the time the paper was prepared the plaintiff, not familiar with the English language, gave his statement in German, and it was translated and written in English by another party at the defendant's office. It can be easily seen how a mistake could be made, and that the paper in English would not disclose the plaintiff's real version of the manner and cause of the accident. In fact, two of the immaterial statements in the paper are now conceded by both sides to be incorrect. Hence, it may well be that there are other inaccurate statements in the paper, and that they arise from a misinterpretation or an erroneous translation of the language used by the plaintiff. At all events, these matters were for the jury, and were correctly submitted for their consideration. We agree with the learned trial judge that there is no radical difference between the plaintiff's testimony and the

statements contained in the paper which he signed.   Whether the plaintiff knew the danger of the risk he encountered when, under the directions of the defendant company, he assisted its other employees in removing the barrel to the top of the tank was clearly for the jury, and there was ample testimony to support their finding.

If the plaintiff's injuries resulted from the negligence of a coemployee in adjusting the rope used in taking the barrel of soda to the top of the tank, the defendant company is not responsible for the injuries, and there could be no recovery in this action.   And this was the view of the learned judge, and he distinctly so ruled on the trial of the cause.   In his charge to the jury he said : " That paper (referred to above), says it was the use of the rope that did this thing, and, of course, it was the use of the rope by the defendant's people, employees as we call them.   It was not used by anybody else.   We cannot avoid that conclusion.   The defendant's servants were there acting.   If you find it was so used by those men, and that as a consequence of that use this accident happened, it will be your duty to find a verdict for defendant."   In concluding his instructions on this branch of the case the learned judge further told the jury that if the use of the rope caused the injury there could be no recovery, and clearly defined the issue which he submitted to the jury.   He said : " If you find from the discretion I have recognized as yours in the examination of these proofs that there was a negligent furnishing of appliances in the matter of the barrel, in the matter of the burlap, and so forth, which amounted to a violation of the defendant's duty to the plaintiff, and that as a consequence of that he was hurt, then you may find a verdict for the plaintiff, but in order to reach that conclusion you must find that the use of the rope was not the immediate cause of the injury, but that it was some defect in the appliances which caused the injury.   If you find as thus indicated to you, you will find a verdict for plaintiff, otherwise you will find a verdict for defendant."

It will, therefore, be observed that the learned trial judge submitted to the jury the one question, whether the plaintiff was injured by the defective or unsafe appliances furnished him to perform the services for which he was employed.   Un-

der the clear and explicit instructions of the court the jury were given for consideration the single issue, and they have found that the defendant company was negligent in not furnishing the proper appliances with which to do his work. Under the court's instructions the verdict must have been for the defendant if the jury had found that the plaintiff's injuries were caused by a defective rope or by a careless handling of the rope by a fellow employee or by negligence on the part of the plaintiff. The jury has found against the defendant on each of these several matters which, if either or all of them had existed, would have been a complete defense and a barrier to the plaintiff's right to recover in this action.

As correctly said by a recognized authority, " great caution is necessary in tasting and handling caustic soda, as it rapidly destroys organic tissue." That it is a dangerous chemical and must be used with the greatest caution is well known, and, it must be assumed, was known to the defendant company. It was used by the company in its business, and its ingredients and highly dangerous character were, of course, known to the defendant. It was conveyed by the defendant to its tank in an iron barrel, which was certainly a proper precaution for the protection of those who had to handle it. Any less careful manner or method of conveying a drug so dangerous would well warrant a jury in finding negligence if injuries resulted therefrom. Was it, therefore, negligence in the defendant company to use for this purpose an iron barrel with a hole in one head of the dimensions shown by the testimony which was closed by placing in it a loose piece of burlap? The testimony disclosed the fact that the edge of the hole was turned outward, and hence the material in the barrel could easily push the burlap from its place. The hole, it will be remembered, was only six inches less in diameter than the head of the barrel. The burlap was not fastened nor secured in the hole, but only "pushed in." It is apparent that it would not, and did not, require much force to remove it from the hole. The barrel was rolled to the top of the tank, a distance of possibly twelve or fifteen feet and to a height of between four and five feet, and then was emptied by using a rope. Three men were not sufficient to do the work, and hence a fourth man, the plaintiff, was on this occasion directed by the company to assist. It is manifest that the mate-

rial in the barrel was heavy, and that the burlap would afford very little resistance to the flow of the soda from the barrel. This was so apparent, and the consequent danger to the servants engaged in the work was so obvious, that any reasonably prudent man would not have pursued such means or appliances to carry the soda to the tank. It was, therefore, a question for the jury whether the method thus adopted by the defendant company in conveying the soda to the tank was negligent and improper, and was the cause of the plaintiff's injuries. As said by the learned trial judge in his charge: "Were they negligent in using it (caustic soda) as they did use it there, that is to say, in causing a barrel containing it to be removed as this barrel was, with a view to having it emptied?" This was the controlling question in the case, a proper one for the jury, and it has been found in favor of the plaintiff.

The assignments of error are overruled and the judgment is affirmed.